UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

AKF, INC. D/B/A FUNDKITE,

                Plaintiff,

-against-

S AND S MORRIS, LLC D/B/A PIRTEK SARASOTA, SARAH MARY HAZEL AND STEPHEN PAUL MORRIS,

                Defendants.

**Civil Action No.**    19-cv-6922

# COMPLAINT

Plaintiff AKF, Inc. d/b/a Fundkite (hereinafter, "Plaintiff" or "Fundkite"), by and through its undersigned counsel, the Mestechkin Law Group, P.C., as and for its Complaint against Defendants S and S Morris, LLC d/b/a Pirtek Sarasota, Sarah Mary Hazel and Stephen Paul Morris, hereby alleges as follows:

## NATURE OF THIS PROCEEDING

1. This is an action by Plaintiff (i) against a merchant defendant for breaches of two revenue purchase agreements ("RPA") and (ii) against two owners of the merchant defendant for breaches of their guarantee of that merchant's obligations under those RPA agreements.

## THE PARTIES

2. Plaintiff Fundkite is a citizen of New York because it is incorporated in the State of New York and has its principal place of business at 88 Pine Street, 17th Floor, New York, New York, 10005.

3. Defendant S and S Morris, LLC d/b/a Pirtek Sarasota (hereinafter, "Merchant") is a citizen of Delaware because it is incorporated in the State of Delaware and is also a citizen of Florida because it has its principal place of business at 1577 Cattleman Road, Sarasota, Florida

1

34232.

4. Defendant Sarah Mary Hazel is citizen of Florida because her domicile is 7703 Donald Ross Road West, Sarasota, Florida 34240.

5. Defendant Stephen Paul Morris is citizen of Florida because his domicile is 7703 Donald Ross Road West, Sarasota, Florida 34240.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the matter in controversy is at least $185,840.92 as of the date of this complaint, and thus exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States because Plaintiff is a citizen of New York and Defendants are citizens of Florida and Delaware.

7. This Court has personal jurisdiction over Defendants because they each voluntarily consented in the asserted RPA Agreements under which Plaintiff brings this complaint to the jurisdiction of any courts situated in New York State.

8. Venue is proper in this Court pursuant to 28 U.S. Code § 1391 for the same reasons that jurisdiction is proper in this Court.

**FACTS RELEVANT TO ALL CLAIMS**

**I.     The Asserted Revenue Purchase Agreements.**

9. On or about August 7, 2019, Fundkite and the Merchant entered into an RPA Agreement whereby Fundkite agreed to purchase rights to $161,914.00 of the Merchant's future receivables for a payment of $110,900.00, representing the agreed-upon present-day value of those future receivables. (8/7/2019 RPA at p. 4.)

10. On or about October 2, 2019, Fundkite and the Merchant entered into another

RPA Agreement whereby Fundkite agreed to purchase rights to $116,800.00 of the Merchant's future receivables for a payment of $80,000.00, representing the agreed-upon present-day value of those future receivables. (10/2/2019 RPA at p. 4.)

11. Under both RPAs, the Merchant agreed to make payments towards the future receivables amounts by allowing Fundkite to make daily ACH withdrawals of the Merchant's receivables from a dedicated Merchant bank account until the purchased receivables amount is fully paid to Fundkite. (8/7/2019 RPA at p. 5 & § 3.1; 10/2/2019 RPA at p. 5 & § 3.1.)

12. Pursuant to both RPAs, the Merchant agreed to exclusively use only one bank account approved by Fundkite (the "Account") into which the Merchant agreed to deposit all of its receivables and from which Fundkite was authorized to make the daily ACH withdrawals. (8/7/2019 RPA at p. 5 & § 3.1; 10/2/2019 RPA at p. 5 & § 3.1.)

13. For both RPA Agreements, the Merchant designated a bank called Cadence Bank into which it agreed to deposit all of its receivables and from which the Merchant agreed to allow Fundkite to make the daily ACH withdrawals of daily receivables.

14. Both RPAs provided that in the event that the Merchant used a bank account other than the Account, closed the Account without prior authorization of Fundkite, or otherwise prevented Plaintiff from making the agreed upon ACH withdrawals, the Merchant would be in default of the RPA. (8/7/2019 RPA § 3.1; 10/2/2019 RPA § 3.1.)

15. In the event of default, Fundkite became entitled under both RPAs to demand the immediate collection of "the full uncollected Purchased Amount of Receipts plus all fees and charges (including legal fees) due under this Agreement". (8/7/2019 RPA § 3.2; 10/2/2019 RPA § 3.2.)

16. In addition, Defendants Sarah Mary Hazel and Stephen Paul Morris, who are both

owners of the Merchant, agreed in written and signed guarantees to guarantee the Merchant's performance under both RPAs, including to pay any and all amounts owed to Fundkite resulting from the Merchant's breach of its RPA obligations. (8/7/2019 RPA at 13-15; 10/2/2019 RPA at 13-15.)

17. Fundkite performed its obligations under both RPAs by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant as set forth in both RPAs.

## II. The Merchant's Breach of the Revenue Purchase Agreement.

18. On or about October 19, 2019, the Merchant blocked Fundkite's access to the Account with Cadence Bank and thereby prevented Fundkite from making the agreed upon ACH withdrawals of the Merchant's receivables from the Merchant's Account under both RPAs.

19. This act of blocking Fundkite's access to the Merchant's Account constitutes a default under the RPA, including the obligations set for at page 5 and § 3.1 of both RPAs.

20. In addition, upon information and belief, the Merchant established a second bank account into which it was depositing its daily receivables without notifying Fundkite – thereby diverting revenues which Fundkite was entitled to collect under both RPAs.

21. This act of establishing another account that diverted receivables from Fundkite constitutes a default under both RPAs, including the obligations set for at page 5 and § 3.1 of both RPAs.

22. Further, upon information and belief, the Merchant sold additional receivables after they entered into the asserted RPAs with FundKite without first obtaining Fundkite's approval, which also constitutes a default under both RPAs, including the obligations set for at page 5 and § 3.1 of both RPAs.

23. As of the date of the Merchant's default, the Merchant made payments of its receivables to Fundkite under the August 2019 RPA that totaled only $74,847.50, leaving a balance of $87,066.50 due under the August 2019 RPA.

24. As of the date of the Merchant's default, the Merchant made payments of its receivables to Fundkite under the October 2019 RPA that totaled only $17,275.58, leaving a balance of $99,524.42 due under the October 2019 RPA.

25. In addition, Fundkite is owed from the Merchant the sum of $48,574.20 under the August 2019 RPA, which represents the Default Fee, calculated at 30% of the total amount of purchased receipts ($161,914.00). (8/7/2019 RPA at Appendix A, Item F (p. 12).)

26. Further, Fundkite is owed from the Merchant the sum of $35,040.00 under the October 2019 RPA, which represents the Default Fee, calculated at 30% of the total amount of purchased receipts ($116,800.00). (10/2/2019 RPA at Appendix A, Item F (p. 12).)

### III. Breach of Guarantees By Defendants Hazel and Morris.

27. Upon the Merchant's breaches of both RPAs, Defendants Sarah Mary Hazel and Stephen Paul Morris were obligated through their guarantees of the Merchant's performance under both RPAs to pay to Fundkite the amounts owed by the Merchant for the Merchant's breaches of both RPAs.

28. Defendants Sarah Mary Hazel and Stephen Paul Morris have failed to make any payments to satisfy the amounts owed by the Merchants resulting from the Merchant's breaches of both RPAs.

29. As of result of the Merchant's default and the guarantor Defendants' guarantee of the Merchant's performance under both RPAs, Defendants Sarah Mary Hazel and Stephen Paul Morris owe Fundkite the sum of (i) $87,066.50, in unpaid sums due under the August 2019 RPA,

and an additional $48,574.20, representing the Default Fee calculated at 30% of the total amount of purchased receivables; and (ii) $101,274.42, in unpaid sums due under the October 2019 RPA, and an additional $35,040.00, representing the Default Fee calculated at 30% of the total amount of purchased receivables.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Breach of Both Revenue Purchase Agreements Against the Merchant)

30. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

31. On August 7, 2019, Fundkite and the Merchant Defendant entered into a first RPA whereby Fundkite agreed to purchase rights to the Merchant's future receivables.

32. On October 2, 2019, Fundkite and the Merchant Defendant entered into a second RPA whereby Fundkite agreed to purchase rights to the Merchant's future receivables.

33. Fundkite performed its obligations under both RPAs by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant as set forth in the RPA.

34. On or about October 19, 2019, the Merchant blocked Fundkite's access to the Account and thereby prevented Fundkite from making the agreed upon ACH withdrawals of the Merchant's receivables from the Merchant's Account.

35. This act of blocking Fundkite's access to the Merchant's Account constitutes a breach of, and default under, both RPAs.

36. In addition, the Merchant also established a second bank account into which it was depositing its daily receivables without notifying Fundkite, which constitutes a breach of, and default under, both RPAs.

37. Further, the Merchant obtained additional cash advances after they entered into

the asserted RPAs with FundKite without first obtaining Fundkite's approval, which constitutes a breach of, and default under, both RPAs.

38. The Merchant made payments of its receivables to Fundkite under the August 2019 RPA that totaled only $75,597.50, leaving a balance of $ 86,316.50 due under the August 2019 RPA.

39. The Merchant made payments of its receivables to Fundkite under the October 2019 RPA that totaled only $17,275.58, leaving a balance of $99,524.42 due under the October 2019 RPA.

40. By reason of the foregoing, Plaintiff has suffered damages in the amount of (i) $86,316.50, in unpaid sums due under the August 2019 RPA, and an additional $48,574.20, representing the Default Fee calculated at 30% of the total amount of purchased receivables; and (ii) $99,524.42, in unpaid sums due under the October 2019 RPA, and an additional $35,040.00, representing the Default Fee calculated at 30% of the total amount of Purchased Receipts, plus costs, disbursements and attorney's fees.

### **AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Guarantee against the Individual Guarantor Defendants)**

41. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

42. Defendants Sarah Mary Hazel and Stephen Paul Morris each guaranteed the Merchant's performance under both RPAs, including guaranteeing, individually, jointly, and severally payments to Fundkite for any loss suffered by Fundkite as a result of a breach by the Merchant of both RPAs.

43. The Merchant has breached both RPAs and caused Fundkite harm resulting from those breaches as set forth above.

44. Under their guarantees in both RPAs, Defendants Sarah Mary Hazel and Stephen Paul Morris are liable for damages resulting from the breaches committed by the Merchant.

45. Defendants Sarah Mary Hazel and Stephen Paul Morris have not made any payments to Fundkite under their guarantees in both RPAs.

46. Fundkite performed its obligations under both RPAs by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant as set forth in both RPAs.

47. By reason of the foregoing, Fundkite is entitled to judgement against Defendants Sarah Mary Hazel and Stephen Paul Morris based on their breach of the guarantee in the amount of (i) $86,316.50, in unpaid sums due under the August 2019 RPA, and an additional $48,574.20, representing the Default Fee calculated at 30% of the total amount of purchased receivables; and (ii) $99,524.42, in unpaid sums due under the October 2019 RPA, and an additional $35,040.00, representing the Default Fee calculated at 30% of the total amount of Purchased Receipts, plus costs, disbursements and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment against All Defendants)**

48. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

49. Fundkite paid the Merchant $190,900.00 representing the agreed-upon present day value of $278,714.00 worth of the Merchant's future receivables.

50. In exchange, the Merchant agreed to allow Fundkite to make daily ACH withdrawals of the Merchant's receivables from the Merchant's Account until the purchased receivables amounts were fully paid to Fundkite.

51. The Merchant made payments of its receipts to Plaintiff that totaled only

8

$92,873.08, leaving a balance of $185,840.92 due under both RPAs.

52. It is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

53. Defendants Sarah Mary Hazel and Stephen Paul Morris were obligated under their guarantees of the Merchant's performance in both RPAs to pay to Fundkite any amounts owed by the Merchant resulting from the Merchant's breaches of both RPAs and are thus liable under this claim.

54. By reason of the foregoing, Fundkite is entitled to judgement against all Defendants in the amount of $185,840.92, in unpaid sums due under the RPA, plus costs, disbursements and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Money Had and Received Against All Defendants)

55. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

56. The elements of a cause of action to recover for "money had and received" are: (1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *See Middle E. Banking Co. v. State St. Bank Int'l*, 821 F.2d 897, 906 (2d Cir. 1987).

57. Fundkite paid the Merchant $190,900.00 representing the agreed-upon present day value of $278,714.00 worth of the Merchant's future receivables.

58. In exchange, the Merchant agreed to allow Fundkite to make daily ACH withdrawals of the Merchant's receivables from the Merchant's Account until the purchased receivables amounts were fully paid to Fundkite

9

59. The Merchant has benefitted from the receipt of the money paid by Fundkite.

60. The Merchant has paid only some of the sums owed to Fundkite under the RPA and thus, under principles of equity and good conscience, the Merchant should not be permitted to keep the remainder of the money paid by Fundkite.

61. Defendants Sarah Mary Hazel and Stephen Paul Morris were obligated under their guarantees of the Merchant's performance in both RPAs to pay to Fundkite any amounts owed by the Merchant resulting from the Merchant's breaches of both RPAs and are thus liable under this claim.

62. By reason of the foregoing, Fundkite is entitled to judgement against all Defendants in the amount of $185,840.92, in unpaid sums due under the RPA, plus costs, disbursements and attorney's fees.

**WHEREFORE**, Plaintiff requests judgement against Defendants as follows:

(i) On the first cause of action of the complaint, Plaintiff requests judgement against the Merchant in the amount of $269,455.12, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(ii) On the second cause of action of the complaint, Plaintiff requests judgement against Defendants Sarah Mary Hazel and Stephen Paul Morris in the amount of $269,455.12, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(iii) On the third cause of action of the complaint, Plaintiff requests judgement against all Defendants in the amount of $185,840.92, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(iv) On the third cause of action of the complaint, Plaintiff requests judgement against all Defendants in the amount of $185,840.92, plus interest at the statutory rate, costs,

disbursements and attorney's fees; and

      (iv)    Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: Brooklyn, New York<br>December 10, 2019 | Respectfully submitted,<br><br>*/s/ Oleg A. Mestechkin*<br>Oleg A. Mestechkin, Esq. (OM4108)<br>Wing K. Chiu, Esq. (WC5637)<br>Nancy Lam, Esq. (NL4630)<br>**MESTECHKIN LAW GROUP P.C.**<br>1733 Sheepshead Bay Road, Suite 29<br>Brooklyn, NY 11235<br>Tel. (212) 256-1113<br>Fax. (646) 365-2069<br>om@lawmlg.com<br>wkc@lawmlg.com<br>nl@lawmlg.com<br><br>*Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2019, I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

> *s/ Nancy Lam*
> Wing K. Chiu, Esq. (WC5637)
> Oleg A. Mestechkin (OM4108)
> Nancy Lam (NL4630)
> **MESTECHKIN LAW GROUP P.C.**
> 1733 Sheepshead Bay Road, Suite 29
> Brooklyn, NY 11235
> Tel. (212) 256-1113
> Fax. (646) 365-2069
> om@lawmlg.com
> wkc@lawmlg.com
> nl@lawmlg.com
>
> *Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite*